UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| GUIZHOU TYRE CO., LTD. AND GUIZHOU TYRE IMPORT AND EXPORT CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Consol. Court No. 17-00100 |

**DEFENDANT'S RESPONSE TO MOTION TO SEVER AND ENTER JUDGMENT, OR, IN THE ALTERNATIVE, MOTION, OUT OF TIME, FOR EXTENSION OF TIME**

Pursuant to Rules 6(b) and 7 of the Rules of Court of International Trade (USCIT R), defendant, the United States, respectfully submits this response in opposition to the motion to sever and enter judgment filed by consolidated plaintiffs Qingdao Free Trade Zone Full-World International Trading Co., Ltd. (Full-World), Qingdao Qihang Tyre Co., Ltd. (Qihang), Trelleborg Wheel Systems (Xingtai) Co., Ltd., and Weihai Zhongwei Rubber Co., Ltd., (Trelleborg) (collectively "separate rate plaintiffs"), and consolidated plaintiff Xuzhou Xugong Tyres Co., Ltd. (Xugong), (collectively "plaintiffs") regarding the final results of the United States Department of Commerce's (Commerce) redetermination pursuant to remand. *See* Pl Mot. Sever and Enter Judg., June 10, 2021, ECF No. 103. In the alternative, we respectfully move, out of time, for an extension of time to permit filing of the response.

This case involves challenges to the final results in the administrative review of the antidumping duty order covering off-the-road (OTR) tires from the People's Republic of China (China) for the period of review of September 1, 2014 through August 31, 2015. *See Certain*

*New Pneumatic Off-the-Road Tires from the People's Republic of China*, 82 Fed. Reg. 18,733 (Dep't of Commerce Apr. 21, 2017) (final results admin. rev.) (P.R. 312), and accompanying Issues and Decision Memorandum (P.R. 308) (Final IDM), amended by *Certain New Pneumatic Off-the-Road Tires from the People's Republic of China*, 82 Fed. Reg. 27,224 (Dep't of Commerce June 14, 2017) (amended final results admin. rev.) (P.R. 319).

Plaintiffs move the Court to sever and enter final judgment following the Court's second remand order of May 14, 2021, which sustained Commerce's remand redetermination with respect to the application of a 16.78 percent dumping margin to mandatory respondent Xugong and the separate rate plaintiffs. *See* Order, May 14, 2021, ECF No. 102 (*Second Remand Order*). As discussed below, we respectfully request that the Court deny plaintiffs' motion.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.  Proceedings Before Commerce

In response to requests from interested parties, Commerce initiated a review of the antidumping duty order covering OTR tires from China on November 9, 2015. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 80 Fed. Reg. 69,193 (Dep't of Commerce Nov. 9, 2015) (P.R. 11). On December 15, 2015, Commerce selected GTC and Xugong for individual examination. *See* Respondent Selection Memorandum (P.R. 56). Between December 2015 and September 2016, Commerce issued, and respondents timely responded to, initial and subsequent supplemental questionnaires.

On October 14, 2016, Commerce published the preliminary results of review in the Federal Register. *Certain New Pneumatic Off-the-Road Tires From the People's Republic of China*, 81 Fed. Reg. 71,068 (Dep't of Commerce Oct. 14, 2016) (prelim. admin review) (*Preliminary Results*) (P.R. 284), and accompanying Preliminary Decision Memorandum (PDM)

2

(P.R. 269). In the *Preliminary Results*, Commerce determined not to grant mandatory respondent Guizhou Tyre Co., Ltd. (GTC) and respondent Aeolus Tyre Co., Ltd. (Aeolus), which was not selected for individual examination but submitted a separate rate certification, separate rates, finding that each respondent had failed to rebut the presumption *de facto* government control. PDM (P.R. 269) at 16.

On April 21, 2017, Commerce published in the Federal Register the *Final Results*. *Final Results* (P.R. 312) and accompanying IDM (P.R. 308). For the *Final Results*, Commerce continued to find that Aeolus and GTC had failed to rebut the presumption of *de facto* control by the government and, thus, denied both respondents separate rates. IDM (P.R. 308) at 10-15. On June 14, 2017, Commerce amended the *Final Results* in light of certain ministerial errors present in the *Final Results*. *Amended Final Results* (P.R. 319).

## II.     Proceedings Before This Court And The Court's *Remand Order*

GTC, Aeolus, Xugong, and the separate rate plaintiffs filed actions in this Court contesting Commerce's *Final Results*. The United States filed a consent motion to consolidate the cases pursuant to USCIT R. 42(a) because the cases involved common questions of law and fact and because consolidation would promote judicial and administrative efficiency, which the Court granted. *See* Def. Mot. Consol., June 5, 2017, ECF No. 22; Order, June 16, 2017, ECF No. 24.

In this Court, Aeolus challenged Commerce's finding that it had failed to demonstrate independence from the Chinese government and was therefore ineligible for a separate rate. The Court ordered Commerce to reconsider its separate rate determination as to Aeolus in light of all evidence on the record. *See* Order, May 24, 2019, ECF No. 68 (*Remand Order*).

3

GTC also challenged Commerce's finding that it had failed to demonstrate independence from the Chinese government and was therefore ineligible for a separate rate. The Court granted our request for a voluntary remand and ordered that Commerce "reconsider its separate rate determination as to GTC in the entirety, i.e., in light of all record evidence." *Remand Order* at 16.

Xugong challenged Commerce's calculation of its dumping margin based upon Commerce's application of deductions for Chinese value-added tax (VAT). The separate rate plaintiffs also requested that their rates be recalculated in accordance with any recalculation of the rate for Xugong. The Court ordered a remand for recalculation of Xugong's rate without the application of deductions for Chinese VAT and to recalculate the rate for separate rate plaintiffs following any recalculation of Xugong's rate. *See Remand Order* at 19-33.

### III.  Commerce's *Remand Results*

Pursuant to the Court's *Remand Order*, Commerce reexamined the issues remanded by the Court and issued its *Remand Results*. *See Remand Results*, Sept. 23, 2019, ECF No. 74. In its *Remand Results*, Commerce reconsidered its separate rate determination for Aeolus and GTC in light of all record evidence, and continued to find Aeolus and GTC ineligible for a separate rate. Further, pursuant to the Court's directive in the *Remand Order*, Commerce, under respectful protest, recalculated the rate for Xugong without making deductions for Chinese VAT, resulting in the application of a dumping margin of 16.78 percent to Xugong. *See Remand Results* and 4, 43. No party submitted comments regarding this recalculation of Xugong's rate. Commerce also applied the rate for Xugong to the separate plaintiffs.

GTC, Xugong, and the separate rate plaintiffs filed comments regarding the *Remand Results* with this Court. GTC and Aeolus objected to the denial of their applications for separate

rate status. Xugong did not object to the recalculated rate applied to it. The separate rate plaintiffs requested that the Court apply the revised rate for Xugong to them. The United States requested that the Court affirm the *Remand Results* in their entirety.

### IV.     *Second Remand Order* And Separate Rate Plaintiffs' Motion

In the *Second Remand Order*, the Court ordered Commerce to reconsider the decision not to grant separate rate status to GTC and respondent Aeolus Tyre Co., Ltd.'s application for separate rate status, and to revise the rate applied to these parties as may be required by reconsideration of those decisions. The Court also affirmed Commerce's application of the 16.78 percent rate to Xugong and the separate rate plaintiffs.

Following the *Second Remand Order*, on June 10, 2021, Xugong and the separate rate plaintiffs filed a motion to sever and enter judgment based on the Court's affirmance of the rate applied to Xugong and the separate rate plaintiffs.

## ARGUMENT

### I.     The United States Understands That Its Response Was Not Due Until 35 Days After The Filing Of Plaintiffs' Motion On June 10, 2021, Because Plaintiffs' Motion Is A Dispositive Motion, But Respectfully Moves, Out Of Time, To File Its Response If Its Understanding Is Incorrect

On July 2, 2021, counsel for the United States received an email from the Court case manager stating that the United States' response was out of time and advising that the United States would need to file a motion to file out of time for its response. *See* Email from Chien to Todor, July 2, 2021 (attached as Exhibit A). Counsel for the United States responds that it is his understanding that the response to plaintiffs' motion would be due 35 days after the motion was filed on June 10, 2021, *i.e.*, July 15, 2021, because the motion was a dispositive motion seeking entry of final judgment. *See* USCIT R. 7(d) ((d) Time To Respond. Unless otherwise prescribed by these rules, or by order of the Court, a response to a motion must be served within 21 days

5

after service of such motion, except that a response to a dispositive motion must be served within 35 days after service of such motion. The movant has 21 days after service of the response to a dispositive motion to serve a reply. A dispositive motion includes any motion for final determination of an action. *See* USCIT R. 7(g) ("Dispositive motions include: motions for judgment on the pleadings; motions for summary judgment; motions for judgment on an agency record; motions to dismiss an action; and any other motion for a final determination of an action.").

Because plaintiffs' motion requests final judgment in their action and liquidation of the underlying entries, it is our understanding that their motion should be considered to be a dispositive motion with a 35-day time limit for our response. If counsel for the United States was mistaken in this belief, we apologize for this inadvertent oversight and respectfully move, out of time, for an extension of time to file this response. *See* USCIT R. 6(b)(1)(B) (Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect or circumstances beyond the control of the party.").

## II. The Court Should Deny Plaintiffs' Motion Because It Could Result In Piecemeal Litigation Concerning The Same Antidumping Duty Order

We respectfully request that the Court deny plaintiffs' motion because it could result in piecemeal litigation regarding the same administrative review of the antidumping duty order. In the *Remand Results*, Commerce, under respectful protest, revised the dumping margin for Xugong and the separate rate plaintiffs to remove any deductions for Chinese VAT. *See Remand Results* at 4, 43. As Xugong and the separate rate plaintiffs concede, the United States has the option to appeal this decision, although no decision regarding potential appeal has been made at this time and any decision regarding potential appeal would result as the result of internal review after final judgment. *See* Pl. Mot. at 4. Plaintiffs also cite the fact that the United States did not

take an affirmative appeal regarding the Chinese VAT issue in cases involving prior reviews *see* Pl. Mot. at 4, but this has no effect on potential appeal in this separate action because those cases involved separate reviews based on separate factual records.

The Court has ordered a second remand for reconsideration of GTC's and Aeolus's applications for separate rate status. If the Court enters final judgment with respect to Xugong and the separate rate plaintiffs at this time, this means that there could potentially be two or even three sets of appeals (Chinese VAT issue for Xugong and separate rate plaintiffs, GTC's separate rate application, Aeolus's separate rate application) involving the same review of the same antidumping duty order. There could also be simultaneous litigation at the appellate level (for issues relating to Chinese VAT) and before this Court (for Aeolus and GTC's separate rate applications). The Court should reject the potential for such overlapping and potentially conflicting litigation.

The Court held in the *Second Remand Order* that, if Commerce calculates a rate for GTC on remand, although Commerce normally would base the rate for separate rate plaintiffs on the rates calculated for both mandatory respondents, Commerce should still apply the 16.78 percent rate for Xugong to the separate rate plaintiffs because no party objected to the rate and the United States requested that the Court affirm the *Remand Results* in their entirety. *See Second Remand Order* at 11-12. It is therefore our understanding that the Court ordered that the pending remand should not affect the rate applied to the separate rate plaintiffs. Nevertheless, the potential confusion and unnecessary duplication involved in having multiple potential appeals from the same review of the same antidumping duty order weighs against severing and entering judgment for Xugong and the separate rate plaintiffs' action.

Plaintiffs consented to our motion to consolidate these cases, in which we cited the grounds that the cases posed common questions of law and fact and consolidation would promote judicial and administrative efficiency. The piecemeal litigation that could result from granting their motion to sever and enter judgment, however, would promote the opposite outcome by presenting the possibility of overlapping litigation and unnecessary complication of the issues concerning these matters. Plaintiffs argue that their requested relief is appropriate to avoid delay in disposition of their action, but plaintiffs cite no prejudice resulting from the delay. Thus, the potential for piecemeal litigation and lack of prejudice to plaintiffs weighs against plaintiffs' motion.

## **CONCLUSION**

For the above reasons, we respectfully request that the Court deny Xugong and the separate rate plaintiffs' motion to sever and enter final judgment.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | <u>/s/ Franklin E. White, Jr.</u><br><u>by /s/ Patricia M. McCarthy</u><br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br>PAUL KEITH<br>Attorney<br>Office of the Chief Counsel<br>  For Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C. 20230 | <u>/s/ John J. Todor</u><br>JOHN. J. TODOR<br>Senior Trial Counsel<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 616-2382<br>Fax: (202) 307-0972<br>Email: john.todor@usdoj.gov |
| July 6, 2021 | Attorneys for Defendant |

## CERTIFICATE OF COMPLIANCE

Pursuant to paragraph 2(B)(2) of the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that this brief complies with the word limitations set forth in paragraph 2(B)(1)(b) of the Chambers Procedures for a filing under Rule 56.2(h). Specifically, excluding those exempted portions of the brief as set forth in paragraph 2(B)(1) of the Chambers Procedures, I hereby certify that this brief contains 2,413 words. In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word 2016) used to prepare this brief.

/s/ John J. Todor

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| GUIZHOU TYRE CO., LTD. AND GUIZHOU TYRE IMPORT AND EXPORT CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Consol. Court No. 17-00100 |

## **ORDER**

Upon consideration of the motion to sever and enter judgment filed by consolidated plaintiffs Qingdao Free Trade Zone Full-World International Trading Co., Ltd., Qingdao Qihang Tyre Co., Ltd. , Trelleborg Wheel Systems (Xingtai) Co., Ltd., and Xuzhou Xugong Tyres Co., Ltd., and all other pertinent papers, it is hereby

ORDERED that the motion is denied.

Dated: _____                    _____
                                                                                                  JUDGE